In the Matter of the Claim of SHARON EISENSTARK, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, February 27, 1975.

*Sharon Eisenstark,* appellant *pro se.*

*Louis J. Lefkowitz, Attorney-General (Mitchell H. Cobert, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed April 9, 1974, which affirmed the decision of a Referee. The board held that claimant was entitled to file a valid original claim, effective October 1, 1973, at a benefit rate of $20, pursuant to subdivision 1 of section 527 and section 590 of the Labor Law.

Claimant filed an original claim for benefits effective October 1, 1973 thereby establishing a base period from October 2, 1972 through September 30, 1973. The board credited her with 49 weeks of employment and earnings of $1,354.85. Thus, her average earnings during her base period were less than $31 which, under section 590, would qualify her for a benefit rate of $20. Since claimant had actual earnings of over $30 in only 15 of these weeks, she seeks to invoke the proviso in subdivision 2 of section 590 excluding from a determination of average weekly wage those weeks of employment in which less than $30 was earned. However, this proviso is further qualified to prevent the use in certain situations only of weeks in which more than $30 is earned, which claimant seeks to do, by declaring that the proviso shall not be invoked "if, upon excluding such weeks of employment [in which less than $30 was actually earned], there are fewer than 20 weeks of employment left in the base period of a claimant who filed a valid original claim under the provisions of subdivision one of section five hundred twenty-seven". Claimant contends, however, that she may elect to qualify under subdivision 2 of section 527. In the case of such a claimant, subdivision 2 of section 590 uses in the computation of average weekly wage only those weeks in which $30 was actually earned, providing there are as few as 15 of such weeks.

We reject claimant's contention that qualification under subdivision 2 of section 527 is elective. Subdivision 2 sets up an "Alternate condition" for filing a valid original claim while subdivision 1 of section 527 establishes the "Basic condition" to qualify. It is well settled that where an administrative statute is susceptible of more than one reasonable interpretation, the construction adopted by the enforcing agency must be adopted if it is not strained or unnatural. In our view, the use of terms such as "basic" and "alternate" supports the conclusion of the board that subdivision 2 is remedial, establishing criteria for qualification only by claimants unable to satisfy the conditions of subdivision 1. It does not create a choice from which claimants may elect. Thus, if under the "Basic condition" of subdivision 1, claimant had during her 52-week base period a period of 20 weeks of employment during which her earnings *averaged* $30, she would qualify thereunder notwithstanding the fact that her average earnings during the entire base period were less than $30.

An examination of claimant's earning pattern during her base period demonstrates the logic of this approach. Claimant

earned remuneration in 20 different weeks during the period from January 8, 1973 through June 9, 1973 (which falls into the approximate middle of her base period). Her total earnings from those 20 weeks of employment came to $790.46, and thus her average earnings in each of those weeks were more than $39. Had she become unemployed thereafter, she clearly would have qualified under the basic condition. It is, in our view, unreasonable to suggest that claimant's continuance in employment after June 9, 1973 at lower wages, which reduced her average earnings for the entire base period, invalidated her claim under that basic condition. In other words, the fact that claimant's average earnings during the entire base period were less than $30 is irrelevant, for claimant qualified under subdivision 1 of section 527 as soon as she had, during her 52-week base period, a period of 20 weeks in which her earnings averaged $30. Having thus qualified under subdivision 1 of section 527, however, the average for the entire base period was properly used to determine her average weekly wage under section 590 since she had less than 20 weeks of actual earnings of $30 or more.

The decision should be affirmed, without costs.

HERLIHY, P. J., SWEENEY, KANE and LARKIN, JJ., concur.

Decision affirmed, without costs.